UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERNANDO D. ROWE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:14 CV 1108 JMB |
| | ) |
| TOM VILLMER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Petitioner Hernando D. Rowe ("Rowe") brings this *pro se* petition, seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. [ECF No. 1] Also pending before the Court is Rowe's *pro se* motion for a ruling on his petition, as well as two memoranda he filed in support of his motion for a ruling. [ECF Nos. 15-17] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). The Court concludes that the matter may be resolved on the existing record. The Court further concludes that the Petition will be denied and that no certificate of appealability will be issued.

**I. BACKGROUND & PROCEDURAL HISTORY**

**A.  Factual Background Trial**[1]

On June 18, 2010, a jury in New Madrid County, Missouri, convicted Rowe of statutory sodomy in the first degree. Rowe was acquitted on charges of sexual misconduct and enticement of a child. Prior to trial, the prosecutor dismissed two charges of sexual misconduct of a child. The charges stemmed from two incidents that occurred in August 2009. At that time, Rowe

---

[1] The facts are taken primarily from the Missouri Court of Appeals decision, dated January 13, 2012. (Resp. Exh. H) See State v. Rowe, 363 S.W.3d 114 (Mo. Ct. App.), cert. denied, 133 S. Ct. 451 (2012).

lived on Montgomery Street in Sikeston, Missouri.  Rowe lived with his wife, a daughter, and his stepdaughter "T.B."  In late August 2009, Rowe removed T.B. from school, purportedly for an appointment, although that was not true.  Sometime after Rowe and T.B. left the school, T.B. jumped out of Rowe's truck and ran to a delivery truck nearby.  The delivery truck driver dropped off T.B. at a local shopping center.  T.B. accused Rowe of trying to make her touch his penis.

The police investigated the matter and learned that, on August 2, 2009, which was T.B.'s birthday, T.B. was home playing cards and Rowe "pulled his penis out of his pants and told T.B. to 'play with this.'"  (Resp. Exh. H at 2)  T.B. refused and Rowe "grabbed T.B. by the neck and pushed her against the wall," and told her to "touch his penis."  (Id.)  T.B. told an investigator that Rowe made her touch his penis on her birthday.  (Id.)

At trial, T.B. testified for the State and Rowe testified in his own defense. Unsurprisingly, their testimony was in conflict as to the events of August 2, 2009.  During cross-examination, the State asked Rowe if it was his testimony that T.B. had made up her story, and whether Rowe was the only person telling the truth.  (Resp. Exh. A at 366, 368, 370)

As Rowe raises several venue arguments before this Court, it would be useful to recap some additional procedural history regarding Rowe's charges and trial.  Rowe was initially charged by criminal complaint in Scott County, Missouri.  The prosecutor then filed a felony information in December 2009.  Rowe requested a change of venue and his case was transferred to Stoddard County.  (Resp. Exh. B at 27, 32; Resp. Exh. H. at 3)  The parties then stipulated to another change of venue to New Madrid County, Missouri.  (Resp. Exh B. at 37; Resp. Exh. H at 3)  The prosecutor filed an amended information in New Madrid County.  Although Rowe filed numerous, relevant pretrial motions, he did not file any motions challenging venue.  (See, e.g., Resp. Exh. B at 51-57, 78-79)  The case was ultimately tried in New Madrid County.

The record indicates that part of Sikeston, Missouri, is in Scott County and part is in New Madrid County. There is no present dispute that Rowe's home, and therefore the location of the August 2, 2009, incident, is in New Madrid County, Missouri. The charges against Rowe, however, alleged that the August 2, 2009, incident occurred in Scott County, rather than New Madrid County. Perhaps by pure happenstance, Rowe's case was tried in the correct venue, even if it was initially brought in an incorrect venue and included an incorrect venue allegation in the charge. In fact, the venue error was not noticed or raised by Rowe prior to his trial. (Resp. Exh. H at 3-4) Nonetheless, the venue "issue" has resulted in a great deal of post-trial litigation.

Although Rowe failed to raise an appropriate venue challenge before trial, during the trial one police officer testified that Rowe's residence was in Scott County and a detective testified that the residence was in New Madrid County. (Resp. Exh. H. at 3) "Before closing arguments, the State made an oral motion in limine to prevent [Rowe's] counsel from arguing the issue of venue to the jury because [he] had failed to raise the issue before trial." (Id. at 4) The trial court sustained the motion. Rowe filed a post-trial motion for judgement of acquittal raising, *inter alia*, a venue argument. The trial court denied Rowe's motion, noting that he had waived the issue and that the case was, in fact, tried in New Madrid County, which would have been the remedy had Rowe raised the issue pretrial. (Resp. Exh. B at 116-17; Resp. Exh. H at 4) Rowe, had a prior felony weapon conviction, and the trial court sentenced him to fifteen years of imprisonment. (Resp. Exh. B at 9)

**B.** **<u>Direct Appeal</u>**

Rowe appealed his conviction to the Missouri Court of Appeals, Southern District. Rowe raised two points of error. The first point argued two interrelated issues regarding venue. The second point alleged that the trial court erred in failing to instruct the jury on a lesser included

offense. The Court of Appeals denied both points. (Resp. Exh. H) Because Rowe does not raise the lesser included offense issue before this Court, it is not discussed further herein.

Regarding venue, in his direct appeal, Rowe argued that venue was not proper in Scott County, and that "the trial court was required by § 541.120 RSMo (2000) to certify the cause for transfer to New Madrid County and discharge the jury without prejudice pursuant to § 541.130 RSMo (2000)." (Resp. Exh. H. at 4) The Missouri Court of Appeals concluded that Rowe waived this issue by not timely raising the issue before the trial court. (Id.) The Missouri Court of Appeals reviewed the issue under a plain error standard and concluded that Rowe was not entitled to any relief because he could show no prejudice from the alleged error. The Court of Appeals explained, "[a]ssuming *arguendo* that Scott County was an improper venue, the case was transferred to New Madrid County by agreement of the parties prior to trial…. Rather than causing any prejudice to Defendant, this procedure resulted in him being tried in the county where he admits venue was proper." (Id. at 5)

Rowe also argued that, because of the venue issue, the State failed to make a submissible case and he was entitled to an acquittal. (Id.) The Missouri Court of Appeals rejected this argument as well. Under Missouri law, "[l]ocation is not an essential element of the crime of first-degree sodomy. See State v. Gains, 316 S.W.3d 440, 454 (Mo. App. 2010). Consequently, the State was not required to prove that [Rowe's] conduct occurred in Scott County." (Id.) To the extent that the pattern instruction included venue as an element of the offense, the instruction was incorrect. (Id.) Thus, according to the Missouri Court of Appeals, even though Rowe framed his argument as "involving the sufficiency of the evidence, he really [was] attempting to assert a venue argument that he waived." (Id.) The Court of Appeals further explained that a failure to object to venue prior to trial "results in a waiver of the issue. 'If [a] defendant does not

object, the case can be tried even though venue would not otherwise be correct.'" (Id. at 5-6 (quoting Gains, 316 S.W.3d at 150)

Ultimately, the Court of Appeals found that Rowe knew that the alleged crime occurred in New Madrid County and that he "waived the venue issue by: (1) failing to timely object to venue in Scott County; (2) moving for a change of venue to Stoddard County; and (3) agreeing to a change of venue to New Madrid County…. As a result of [Rowe's] own actions, he was actually tried in a county where he admits venue was correct." (Id. at 6)

Rowe filed a petition for rehearing and a request for transfer to the Missouri Supreme Court. Both requests were denied. (Resp. Exh. I at 26)

## C. **State of Missouri Post-Conviction Motion Hearing**

In February 2012, after his direct appeal was denied, Rowe filed a *pro se* motion for post-conviction relief, pursuant to Missouri Rule 29.15. In his *pro se* motion, Rowe raised three grounds for relief. First, Rowe argued that trial counsel was ineffective in failing to object to venue in Scott County before trial and asking for a transfer to New Madrid County. Second, Rowe argued that trial counsel was ineffective in failing to object to the jury instructions and requiring the submission of a lesser included offense instruction on child molestation. Third, Rowe argued that trial counsel was ineffective in failing to object to the State's motion in limine precluding him from arguing improper venue during closing arguments. (Resp. Exh. I at 7) The Motion Court appointed counsel to assist Rowe. Appointed counsel filed an amended Rule 29.15 motion. Rowe's amended motion alleged that trail counsel was ineffective in failing to object when the State repeatedly asked Rowe during cross examination if he knew any reasons why T.B. would have made up her testimony. (Id. at 46)

Upon Rowe's request, the Missouri Supreme Court transferred Rowe's Rule 29.15 to a different judge than the one who presided over the trial. (Resp. Exh. I at 39) On August 27,

2013, the Motion Court denied Rowe's Rule 29.15 motion on the existing record, without conducting an evidentiary hearing. The Motion Court concluded that Rowe could not satisfy either prong of the standard set forth for establishing a claim of ineffective assistance of counsel. (Id. at 59-60; applying Strickland v. Washington, 466 U.S. 668 (1984))

Regarding Strickland's performance prong, the Motion Court found that Rowe failed to show that his attorney's representation fell below the standard of a reasonably competent attorney in allegedly failing to object to the State's cross examination or Rowe, which included asking Rowe if he knew any reasons why T.B. made up her testimony. In this regard, the Motion Court considered the trial transcript and found that trial counsel had opened the door to this line of questioning. Furthermore, trial counsel had, in fact, objected to questions posed by the State and the objection was sustained when the State asked Rowe if he was the only witness telling the truth. (Id. at 60) Thus, the Motion Court concluded that trial counsel's trial strategy was reasonable.

Regarding the prejudice prong under Strickland, the Motion Court concluded that, even assuming trial counsel's performance fell below that of a reasonably competent attorney, Rowe could not show any prejudice from his attorney's alleged failure to object during cross examination. The Motion Court found that the evidence was overwhelming. (Id. at 60-61) Accordingly, the Motion Court denied Rowe's request for relief.

**D.  State of Missouri Post-Conviction Appeal**

On May 22, 2014, the Missouri Court of Appeals affirmed the judgment of the Rule 29.15 Motion Court in a summary order accompanied by an unpublished, supplemental written statement. (Resp. Exh. L) The Court of Appeals applied the Strickland standard for ineffective assistance of counsel, as articulated in Masden v. State, 62 S.W.3d 661, 665 (Mo. App. Ct. 2001). (Id. at 2) The Court of Appeals concluded that, because Rowe could not satisfy the

prejudice prong, it need not consider whether trial counsel's performance fell below that of a reasonably competent attorney. (Id.) The Court of Appeals noted that, "[t]o establish prejudice, [Rowe] must show that absent [the alleged] trial counsel error, there would be a reasonable probability that the outcome of the proceeding would have been different." (Id. at 3; citing Harris v. State, 400 S.W. 3d 896, 898 (Mo. Ct. App. 2013))

Rowe argued that his trial counsel should have objected "two occasions during the State's cross-examination of Rowe. On each occasion, the State asked Rowe whether he thought the victim, T.B., had made up her allegations of abuse." (Id.) The Court of Appeals noted that, under Missouri law, this type of questioning is "objectionable in that it is argumentative, …; lacks probative value, …; and usurps the jury's role of determining the credibility of the witnesses, …." (Id. at 3 n.5) Despite this rule of Missouri law, the Court of Appeals found that Rowe's argument was foreclosed by an earlier decision in Ballard v. State, 408 S.W.3d 327, 333 (Mo. App. Ct. 2013) ("In cases where the State's witnesses and the defense witnesses are in 'drastic disagreement' … the jury necessarily has to determine the credibility of the witnesses in order to render a verdict." (internal quotations omitted).[2] (Resp. Exh. L at 3-4)

Applying Ballard to Rowe's case, the Missouri Court of Appeals concluded as follows:

In the instant case, T.B. testified at trial that Rowe made her touch his penis on her birthday. Rowe, 363 S.W.3d at 117. Rowe testified on his own behalf and explicitly denied T.B.'s allegation. Id. at 121. Given this conflicting testimony, only one account of each of the events at issue could be true, and the jury had to determine the credibility of Rowe and T.B. in order to render a verdict. Like with Ballard, the parties' relative credibility was at issue, and, therefore, Rowe failed to show how the complained-of questions affected the jury's decision. See Ballard, 408 S.W.3d at 333. Without prejudice, Rowe cannot be successful on a claim of ineffective assistance of counsel. The motion court did not clearly err in denying Rowe's Rule 29.15 motion….

---

[2] "Ulitmately, the court found that '[b]ecause the parties' relative credibility was already at issue, Movant failed to show how the improper questions affected the jury's decision.' Ballard, 408 S.W.3d at 333." (Id. at 4)

(Resp. Exh. L at 4)

## II. FEDERAL HABEAS PETITION

On June 16, 2014, Rowe mailed the present petition pursuant to 28 U.S.C. § 2254. Rowe's petition identifies four grounds for relief. Three of Rowe's grounds (Grounds One, Two, and Four) focus on venue-related issues, and one ground focuses on a claim of ineffective assistance of counsel (Ground Three). On June 24, 2014, the Court issued a scheduling order which directed the State to show cause why Rowe's petition should not be granted. On August 8, 2014, the State of Missouri filed a detailed response in opposition to Rowe's petition.

Rowe first argues that venue was improper in Scott County Missouri. Second, Rowe contends that he was denied his Due Process rights when the trial court refused to allow his attorney to argue the issue of improper venue to the jury. Third, Rowe argues that he received ineffective assistance because his trial counsel failed to object when the State's attorney cross-examined him and asked Rowe I he knew why T.B. might have made up her testimony against him. Fourth, Rowe argues that the trial court lacked jurisdiction and Count One was improperly filed in Scott County.

In its opposition to Rowe's petition, the State contends that Grounds One, Two, and Four involve questions of state law and are not cognizable under § 2254. Regarding Rowe's claim of ineffective assistance of counsel, the State contends that the Missouri Court of Appeals decision did not reflect an unreasonable determination of the facts or an unreasonable application of federal law.

The matter is fully briefed and the Court has considered the arguments of both parties. The Court concludes that the matter may be resolved in the basis of the existing record and that an evidentiary hearing is not required. For the reasons outlined below, Rowe's petition will be denied.

# III.  ANALYSIS

## A.  Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the Court's review of Rowe's claims.  The Court's review is both "limited and deferential." Lumholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  Under the AEDPA, a federal court may not grant relief to a state prisoner's claim unless the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, federal law as determined by the Supreme Court, or was an unreasonable determination of the facts in light of the evidence presented in state court." Cole v. Roper, 623 F.3d 1183, 1187 (8th 2010) (citing 28 U.S.C. § 2254(d).  "A state court decision may be incorrect, yet still not unreasonable …." Id. (citing McGehee v. Norris, 488 F.3d 1185, 1193 (8th Cir. 2009)).  A federal court may grant habeas relief "only if the state court decision is both incorrect and unreasonable." Id.

"A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th 2006) (quoting Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).  "A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle … but unreasonably applies that principle to the facts of the prisoner's case.'" Id. "Further, 'a determination of a factual issue made by a State court shall be presumed to be correct' in a federal habeas proceeding." Cole, 623 F.3d at 1187 (quoting 28 U.S.C. § 2254(e)(1)).

"[A] state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings' only if it is shown that the state court's

presumptively correct factual findings do not enjoy support in the record." Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004) (citing 28 U.S.C. § 2254(d)(2)). As noted above, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's finding of fact includes deference to state court credibility determinations. Smulls v. Roper, 535 F.3d 853, 864 (8th Cir. 2008) (en banc). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. Id. at 864-65.

The foregoing principles establish that "[t]he AEDPA standard is difficult to meet as it is intended as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" Nash v. Russell, 807 F.3d 892, 897 (8th Cir. 2015) (quoting Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (internal quotations omitted)).

### B.     Grounds One, Two, and Four – Venue Issues

Rowe's first, second, and fourth grounds each raise issues related to state venue law. In Ground One, Rowe argues that venue was improper in Scott County Missouri. Similarly, in Ground Four, Rowe contends that the trial court lacked jurisdiction over Count One which was improperly filed in Scott County. On its face, Rowe's first and fourth grounds do not allege a violation of federal law. Nonetheless, the Court will liberally construe Rowe's petition to allege a claim that the procedures employed by the trial court relative to Count One of the state charge impinged on his due process rights under the Fourteenth Amendment. In Ground Two, Rowe argues that the trial court's refusal to allow his attorney to argue venue to the jury denied him his due process rights. The State's response argues, in part, that Rowe defaulted these grounds. [ECF No. 8 at 8]

As explained below, the Missouri Court of Appeals concluded that Rowe waived his venue issues and reviewed those arguments for plain error only. Therefore, Grounds One, Two, and Four are procedurally defaulted. Even if Rowe's venue arguments are not procedurally defaulted, the claims are not cognizable under 28 U.S.C. § 2254 because they each involve alleged errors of state law and do not rise to the level of a federal constitutional violation.

1. **Procedural Default**

    *a.   Review of State Procedure*

Rowe raised substantially similar venue issues in his direct appeal to the Missouri Court of Appeals. (Resp. Exh. H at 4-5)[3] The Missouri Court of Appeals concluded that Rowe waived the issues because he failed to raise a proper objection to venue before trial. (Id.) Nonetheless, the Missouri Court of Appeals reviewed the issues under a plain error standard and found no plain error. (Id. at 5) The Missouri Court of Appeals concluded that there was no prejudice to Rowe and, in fact, his case was ultimately tried in the proper venue – New Madrid County. (Id.) Moreover, the Court of Appeals explained that, under Missouri law, a criminal defendant can waive an objection to venue beyond failing to timely object. "For example, a waiver occurs when a criminal defendant moves for a change of venue." (Id. at 6; citing State v. Taylor, 238 S.W.3d 145, 149 (Mo. Banc 2007))

The Missouri Court of Appeals found that Rowe knew "that the events giving rise to the statutory sodomy charge occurred in his own home, which he believed to be located in New Madrid County. Hence, Rowe had sufficient information to challenge venue in Scott County [before trial]." (Id.) Had Rowe raised a timely venue challenge, his case would have been

---

[3] To the extent Rowe's First, Second, and Fourth Grounds are construed substantially different from those he raised in his direct appeal to the Missouri Court of Appeals, such grounds would be procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Castille v. Peoples, 489 U.S. 346, 351 (1989).

transferred to New Madrid County. The Missouri Court of Appeals concluded that Rowe waived the venue issue in three different ways. Rowe "waived the venue issue by: (1) failing to timely object to venue in Scott County; (2) moving for a change of venue to Stoddard County; and (3) agreeing to a change of venue to New Madrid County." (Id. at 6) "As a result of [Rowe's] own actions, he was actually tried in a county where he admits venue was correct." (Id.)

### b. *Analysis – Procedural Default*

"Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012). Under the doctrine of procedural default, a federal habeas court may not review claims where "the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). See also Wainwright v. Sykes, 433 U.S. 72 (1977) (procedural default applied to failure to timely at trial).

"The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 132 S. Ct. at 1316 (citing Coleman, 501 U.S. at 750). Cause is shown if the petitioner demonstrates that an objective factor, external to his defense, impeded his ability to comply with the procedural requirement. Coleman, 501 U.S. at 750. Prejudice in this context requires the petitioner to show that the alleged errors "worked to his <u>actual</u> and substantial disadvantage." Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) (emphasis in original). See also Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012). Prejudice in this regard "is higher than that required to establish ineffective assistance of counsel under Strickland." Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995). Finally, if a petitioner can demonstrate that he is actually innocent of the crime, he

may excuse his procedural default under a fundamental miscarriage of justice exception. Schlup v. Delo, 513 U.S. 298, 324 (1995). This is done by presenting new and reliable evidence. Id.

Until recently, there was uncertainty whether a state court's plain error review of a defaulted claim cured or otherwise remedied a procedural default for federal habeas purposes. Earlier this year, the Eighth Circuit made clear that a state court's plain error review of an unpreserved or waived claim does not serve to excuse a procedural default. See Clark v. Bertsch, 780 F.3d 873, 876-77 (8th Cir. 2015) (resolving intra-circuit split).

In Rowe's case, the Missouri Court of Appeals concluded that Rowe waived his venue issues. Thus, it appears that Rowe defaulted his venue grounds. Under Bertsch, the fact that the Missouri Court of Appeals reviewed Rowe's venue arguments for plain error does not cure the default. In his reply brief, Rowe attempts to address the issue of procedural default, but he does not offer any lawful basis that might cure his default. [ECF No. 10 at ¶ 3] Accordingly, Rowe's First, Second, and Fourth Grounds are defaulted.

### 2. **Cognizability**

Even construing Rowe's venue arguments in the most favorable light, and assuming no procedural default, none of his arguments raise cognizable issues that a federal habeas court may correct. Grounds One, Two, and Four of Rowe's petition involve, in one form or another, claims focused on alleged violations state venue law, as applied to the charge of first degree sodomy. Violations of state law generally are not cognizable under 28 U.S.C. § 2254.[4] Rather, improprieties and errors in state criminal proceedings may be entertained by a federal habeas court only if such errors rise to the level of fundamental unfairness, in violation of the prisoner's due process rights under the Fourteenth Amendment. "[H]abeas review does not lie to correct

---

[4] "The writ of habeas corpus shall not extend to a prisoner unless … [that prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

alleged errors of state law." Middleton v. Roper, 498 F.3d 812, 820 (8th Cir. 2007) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). See also Armstrong v. Hobbs, 698 F.3d 1063, 1067-68 (8th Cir. 2012) (explaining that "the inquiry under AEDPA is whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law, not whether the state court incorrectly applied state law") (citing Middleton).

In Rowe's case, the decision of the Missouri Court of Appeals makes clear that, under Missouri law, venue in a criminal case is a matter that must be challenged before trial. When venue is timely challenged, the remedy is to transfer the case to a county where venue is proper. (Resp. Exh. H at 5) Moreover, as the Court of Appeals also recognized, even though Rowe did not raise a timely venue challenge, his case was tried in New Madrid County, with the consent of all parties. (Id. at 6) It is not disputed herein that New Madrid County represents the proper venue.

The fact that the trial court did not permit Rowe's attorney to argue venue to the jury does not rise to the level of a fundamental unfairness in violation of Rowe's federal rights. Although the Missouri Approved Jury Instructions purport to include venue as an element of the criminal offense, (Resp. Exh. H at 5; citing MAI-CR 3d 320.11), the Missouri Court of Appeals concluded that the instruction is incorrect and venue is not an element of the crime of first-degree sodomy. (Id. citing cases) Therefore, according to the Missouri Court of Appeals, the State was not required to prove the crime occurred in Scott County, as alleged in the original charging documents. This conclusion is based entirely on the Court of Appeals analysis and interpretation of Missouri law – it does not implicate any due process or other federal constitutional concerns. See Armstrong, 698 F.3d at 1067-68. Finally, there was no dispute at trial that the alleged conduct at issue occurred in Rowe's home. And Rowe cannot explain how the alleged error

---

2241(c)(3). See also 28 U.S.C. § 2254(a).

regarding venue actually prejudiced him in his case – he was tried in New Madrid County, which is where he claims he should have been tried because that is where his house was located. Accordingly, the fact that the charging document stated that his house was in Scott County rather than New Madrid County did not work any fundamental unfairness to Rowe in this case.

Rowe's First, Second, and Fourth Grounds for relief raise issues of state law which were resolved adversely to him on plain error review. This Court is not at liberty to second guess the Missouri Court of Appeals interpretation and application of Missouri venue law or the elements of the crime of first-degree sodomy. See Armstrong, 698 F.3d at 1067-68. Accordingly, Rowe's First, Second, and Fourth Grounds for relief are denied.

## C. Ground Three - Ineffective Assistance of Counsel

The third ground raised in Rowe's § 2254 petition alleges a claim of ineffective assistance of counsel. Rowe contends that his attorney provided constitutionally ineffective assistance because counsel failed to object when the State's attorney cross-examined Rowe as to whether he knew why T.B. might have fabricated her testimony. (See ECF No. 1 at 8; Resp. Exh. A at 366, 368, 370) Rowe raised this same issue in his state post-conviction motion and on appeal from the denial of that motion. Accordingly, Rowe's ineffective assistance of counsel claim is properly before the Court.

### 1. *Strickland* Standard

In order to prevail on an ineffective assistance of counsel claim, Rowe must demonstrate both that counsel's performance was constitutionally deficient, and that he was prejudiced thereby. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Bucklew, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing Strickland, 466 U.S. at 689). Thus, "[u]nder Strickland,

counsel's performance is 'measured against an objective standard of reasonableness,' and 'hindsight is discounted by pegging adequacy to counsel's perspective at the time investigative decisions are made, and by giving a heavy measure of deference to counsel's judgments.'" Id. (quoting Rompilla v. Beard, 545 U.S. 374, 380-81 (2005)).  Strickland "[p]rejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable."  Id. (citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)).  Thus, in order to prevail on the prejudice prong, Rowe must show "that but for counsel's deficiency there is 'a reasonable probability that … the result of the proceeding would have been different.'"  Lamar v. Graves, 326 F.3d 983, 985 (8th Cir. 2003) (quoting Strickland, 466 U.S. at 694).

Finally, Rowe must prevail on both prongs of the Strickland standard.  See Worthington v. Roper, 631 F.3d 487, 498 (8th Cir. 2011) ("Failure to establish either Strickland prong is fatal to an ineffective-assistance claim.").

"Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review."  Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster, 131 S. Ct. 1388, 1410 (2011)).  "Under AEDPA, we must then give substantial deference to the state court's predictive judgment [regarding Strickland prejudice].  So long as the state court's decision was not 'contrary to' clearly established law, the remaining question under the 'unreasonable application' clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect."  Id. (citing Harrington v. Richter, 131 S. Ct. 770, 785 (2011)).  "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'"  Id. (quoting Harrington, 131 S. Ct. at 786).  "If the state court 'reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions,' then federal review

under AEDPA is at an end." Id. at 832 (quoting Preno v. Moore, 131 S. Ct. 733, 740, 744 (2011)).

### 2. Analysis – Ground Three

The record before this Court demonstrates that the Missouri courts applied the Strickland standard to Rowe's ineffective assistance of counsel claim. (See Resp. Exh. I at 59; Resp. Exh. L at 2) The motion court concluded that Rowe had failed to meet either prong of the Strickland test. (Resp. Exh. I at 61) The Missouri Court of Appeals concluded that it did not need to decide whether his counsel's failure to object was unreasonable because it found that Rowe could not satisfy the prejudice prong. (Resp. Exh. L at 3) Accordingly, the Missouri Court of Appeals affirmed the denial of post-conviction relief, finding that Rowe failed in his burden under the Strickland standard.

The Missouri Court of appeals applied recent Missouri precedent in resolving Rowe's ineffective assistance claim. "In Ballard v. State, 408 S.W.3d 327 (Mo. App. Ct. E.D. 2013), [the court] affirmed a denial of post-conviction relief where the movant alleged that trial counsel was ineffective for failing to object when the State asked the movant to comment during cross-examination on the credibility of the State's witnesses with whom the movant's testimony conflicted." (Resp. Exh. L. at 3) "Ultimately, the court found that '[b]ecause the parties' relative credibility was already at issue, Movant failed to show how the improper questions affected the jury's decision.' Ballard, 408 S.W.3d at 333." (Id. at 4)

The Missouri Court of Appeals concluded that Rowe's case was substantially similar to Ballard. Thus, "Rowe failed to show how the complained-of questions affected the jury's decision." (Id.) Therefore, the court affirmed the motion court's judgment denying Rowe's 29.15 motion. (Id.)

In his reply brief, Rowe simply argues that "[t]he law is clear in Missouri that a witness may not be asked to give their opinion on the truth or veracity of another witness' testimony." [ECF No. 10 at ¶ 7] Rowe then contends that, because the State's question violated the law, he was forced to "give a[n] inadmissible opinion of [T.B.'s] testimony and invade the province of the jury." [Id.] Therefore, according to Rowe, absent the admission of his opinion regarding T.B's testimony, the jury would have acquitted him. [Id.]

Rowe's argument is not persuasive, and even it was, it would be insufficient to warrant him relief under the Court's standard of review. See Bucklew, 436 F.3d at 1016. The record before this Court firmly demonstrates that the Missouri Court of Appeals decision identified and applied the correct legal standard for assessing an ineffective assistance of counsel claim. In order to prevail, therefore, Rowe must demonstrate that "the state court's application of the Strickland standard was unreasonable." Harrington v. Richter, 562 U.S. 86, 101 (2011). "This is different from asking whether defense counsel's performance fell below the Strickland standard." Id. at 101. The focus is, therefore, "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105. This is a very high burden to meet.

The undersigned concludes that the Missouri Court of Appeals analysis reflects a reasonable argument that trial counsel's failure to object did not work to Rowe's prejudice under Strickland. Although Rowe argues that, the prosecutor's improper questions resulted in his conviction, one could equally conclude that Rowe's response to the questions gave Rowe an opportunity to buttress his own testimony. As the Missouri Court of Appeals decision makes clear, Rowe's testimony was in direct conflict with T.B.'s testimony. Thus, apart from any improper question, the jury already had to decide which witness to believe in order to decide

Rowe's case.[5] As such, this Court cannot say that the Missouri Court of Appeals resolution of Rowe's ineffective assistance of counsel claim was unreasonable.

Accordingly, Ground Three is denied.

## IV. CONCLUSION

The Court concludes that Rowe is not entitled to federal Habeas relief on the grounds presented in his Petition. Rowe has failed to establish that his state court proceedings were contrary to, or involved an unreasonable application of, clearly established federal law, or was based upon an unreasonable determination of the facts presented in those proceedings. See 28 U.S.C. § 2254(d). Moreover, an evidentiary hearing is not warranted because the existing "record already contains all the facts necessary to resolve [Rowe's] claim[s]." Johnston v. Luebbers, 288 F.3d 1048, 1060 (8th Cir. 2002) (explaining that habeas petitioners are entitled to evidentiary hearings only under narrow circumstances). See also 28 U.S.C. § 2254(e)(2).

Rowe has failed to make a substantial showing of the denial of a constitutional right sufficient to justify the issuance of a Certificate of Appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 123 S. Ct. 1029, 1040 (2003) (standard for issuing a Certificate of Appealability) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Hernando D. Rowe for habeas corpus relief [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition may be denied without the need for an evidentiary hearing.

---

[5] In this regard, the Court notes that the questions at issue were fairly broad were not specifically limited to the facts relating to Count One – the count of conviction. (Resp. Exh. A at 366, 368, 370) The jury acquitted Rowe on two other counts.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not be issued by this Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for a ruling on his petition [ECF No. 15] is **DENIED** as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this  20th  day of January, 2016.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE